47 F.3d 1164
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Luke Cutina COOPER, Petitioner,
v.
Edward MURRAY, Director of the Department of Corrections;
(Formerly ) Betty A. McDaniel, Commissioner;
Clarence L. Jackson, Jr., Chairman, Respondents.
 No. 95-6243.
 No. 94-8084.
 United States Court of Appeals, Fourth Circuit.
 Submitted: January 19, 1995.
Decided: February 28, 1995.
 
 Luke Cutina Cooper, Petitioner Pro Se. Mary Elizabeth Shea, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, VA, for Respondents.
 Before WILKINS and MICHAEL, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Luke Cutina Cooper petitions this court for permission to appeal from the district's court's order dismissing his 42 U.S.C. Sec. 1983 (1988) action claiming that he was extradited from New York to Virginia on a vacated warrant. We grant Cooper's petition to appeal and affirm the district court's order dismissing the appeal.
 
 
 2
 Cooper is currently detained by the Virginia Department of Corrections upon the revocation of his parole, and is being held in custody until he completes the remainder of his twenty-two year sentence. Cooper was released on parole on a Virginia offense in 1984, and his parole was transferred to New York in 1987 under the Interstate Corrections Compact Agreement. In early 1991, after Virginia authorities learned that Cooper had violated his parole in November and December 1990, Virginia issued a warrant against Cooper and sought to have him extradited to Virginia. Before Cooper was extradited to Virginia, New York authorities held a preliminary hearing to determine whether probable cause existed to revoke Cooper's parole. Cooper contends, and the Defendants refute, that the Virginia Parole Board warrant was lifted at the preliminary hearing. Thus, Cooper filed this Sec. 1983 action claiming that there was no valid warrant upon which he could be extradited to Virginia. He sought only monetary damages.
 
 
 3
 Because Cooper's claim questions the validity of his current incarceration, he cannot proceed under Sec. 1983 unless his conviction has been overturned. Heck v. Humphrey, 62 U.S.L.W. 4594 (U.S.1994). Because Cooper's conviction has not been found invalid, dismissal of this Sec. 1983 action was proper.
 
 
 4
 Accordingly, although we grant Cooper's petition to appeal and his Motion for Certification of Probable Cause, we affirm the district court's order dismissing the appeal.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.
 
 
 
 *
 To the extent that the action could have been construed as a habeas petition notwithstanding the relief sought, the action was not filed in the correct district court; such a petition would have to be filed in the Western District of Virginia, where Cooper is incarcerated